JAMES A. ODLUM, #109766
jodlum@mohlaw.com
MUNDELL, ODLUM & HAWS, LLP
650 East Hospitality Lane, Suite 470
San Bernardino, California 92408-3595
Telephone: (909) 890-9500
Facsimile: (909) 890-9580

Attorneys for Plaintiffs
Reginald Wright and
PMCM Consulting Engineers

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINALD WRIGHT, an individual; PMCM CONSULTING ENGINEERS, a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>KENNARD DEVELOPMENT GROUP, a California corporation; and DOES 1-10,<br><br>Defendants. | ) CASE NO. 2:16-CV-5707<br>)<br>) COMPLAINT FOR (1) VIOLATION<br>) OF THE COMPUTER FRAUD AND<br>) ABUSE ACT (18 U.S.C. § 1030); (2)<br>) VIOLATION OF THE STORED<br>) COMMUNICATIONS ACT (18<br>) U.S.C. § 2701, ET. SEQ.); (3)<br>) VIOLATION OF THE<br>) CALIFORNIA DATA ACCESS<br>) AND FRAUD ACT (CAL. PENAL<br>) CODE § 502); (4) DEFAMATION;<br>) (5) INVASION OF PRIVACY; (6)<br>) INTERFERENCE WITH<br>) PROSPECTIVE ECONOMIC<br>) RELATIONS; AND (7) UNFAIR<br>) BUSINESS ACTS AND<br>) PRACTICES (CAL. BUS. & PROF.<br>) CODE § § 17200 ET. SEQ.)<br>)<br>) DEMAND FOR JURY TRIAL<br>)<br>) |

Plaintiffs Reginald Wright ("Wright") and PMCM Consulting Engineers ("PMCM") for their claims against defendant Kennard Development Group ("KDG"), allege upon knowledge with respect to their own acts, and upon information and belief as to all other matters, as follows.

## JURISDICTION AND VENUE

1.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331.  This Court also has supplemental jurisdiction over Plaintiffs' state statutory and common law claims pursuant to 28 U.S.C. § 1367.

2.     The dispute arises as a federal question because it involves the violation of two federal statutes, the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030, and the Electronic Stored Communications and Privacy Act ("ECPA"), 18 U.S.C. § 2501, et seq.

3.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391, as it is where  Defendants reside and where a substantial part of the events giving rise to the claim alleged in this complaint.

## INTRODUCTION

4.     Wright was employed by KDG until he resigned on June 12, 2015. After Wright voluntarily resigned, Defendants launched an aggressive campaign of illegal conduct, which notably included unauthorized access and disemination of Wright's private and confidential Gmail account.  Defendants have also made false statements

about Wright and his employer PMCM Consulting Engineers to one or more third parties in Defendants' effort to interfere with Plaintiffs' prospective economic relationships with clients.  Defendants engaged in this conduct because Wright has exercised his statutorily guaranteed right as a California citizen to pursue his lawful business activities consistent with California Business and Professions Code § 16600.

## PARTIES

5.      Wright is a citizen of the State of California who works as a business executive in the planning and engineering consulting field.

6.      PMCM Consulting Engineers ("PMCM") is a corporation engaged in planning and engineering consulting. Wright is a principal of PMCM.

7.      Kennard Development Group is a corporation engaged in planning and engineering consulting. Kennard Development Group at various times also uses the names "KDG Development & Construction Consulting" and "KDG Construction Consulting."

8.      Plaintiffs are ignorant of the true names and capacities of the defendants sued herein as Does 1-10, inclusive, and therefore sues these defendants by fictitious names.  Plaintiffs will amend this complaint to allege the true names and capacities of the defendants sued as Does 1-10 when such have been ascertained.  Plaintiffs are informed and believes and on that basis alleges that each of these fictitiously named

COMPLAINT

defendants is responsible in some manner for the acts or omissions alleged in this complaint and that Plaintiffs' losses and damages were proximately caused by the acts or omissions of these defendants.

## FACTS

9.      When Wright began working for KDG, he was required to sign a "Confidentiality, Non-Competition and Non-Solicitation Agreement" which contained illegal provisions purporting to prohibit him from competing with KDG for 12 months post-employment and from soliciting customers during the same period.

10.      Wright worked for KDG until his voluntary resignation on June 12, 2015.

11.      After his resignation, Wright joined PMCM Consulting Engineers. PMCM is a competitor of KDG.

12.      KDG, in a June 29, 2015 letter from its president Lydia Kennard, unlawfully threatened Wright and PMCM, saying that the illegal non-compete and non-solicition provision prohibited Wright and PMCM from competing with KDG.

13.      In a July 14, 2015 letter from its General Counsel Deborah Lathen, KDG repeated the unlawful threats designed to prevent Wright from pursuing his lawful profession and to prevent PMCM from competing with KDG. Wright and PMCM were forced to retain an attorney to respond to these illegal threats. Wright responded by asserting his right to lawfully compete.

COMPLAINT

14.    KDG continued its compaign to retaliate against Wright for exercising his statutory right to engage in his legal occupation. This included an unrelenting campaign to destroy Wright's reputation in the business community in which he and KDG operate. KDG has spread false and malicious rumors and innuendo about Wright, including making misrepresentations to colleagues, clients and others about Wright's ethics and adherence to the law.

15.    KDG gained unauthorized access (i.e. "hacked") into Wright's personal Gmail account and rummaged through Wright's personal and confidential emails. Wright is informed and believes Defendants thereby obtained confidential information and proprietary information. KDG has since used the information illegally obtained in its ongoing efforts to interfere with PMCM's and Wright's lawful competition with KDG as is Wright's right as a California employee and citizen pursuant to California Business & Professions Code § 16600.

16.    Upon information and belief, KDG thereafter tried to scare off clients and potential clients of Wright and PMCM by, inter alia, falsely informing clients and others in the business community that Wright was "under investigation," that he and PMCM were contractually barred from doing business in the planning and construction field and that KDG had brought suit against Wright for doing so, which in turn would enmesh clients and potential clients of Wright and PMCM in expensive and time-consuming litigation.

COMPLAINT

# FIRST CLAIM FOR RELIEF

## For Violation of the Computer Fraud and Abuse Act (18 U.S.C. § 1030)

## (By Plaintiff Wright

## Against All Defendants)

17.     Wright incorporates herein by this reference the allegations in paragraphs 1 through 16 above.

18.     Upon information and belief, Wright alleges that KDG and Does 1 through 10 violated § 1030(a)(2)(C) of the CFAA (18 U.S.C. § 1030(a)(2)(C)) by intentionally accessing a computer used for interstate commerce or communication, without authorization, and by obtaining information from such protected computer.

19.     Upon information and belief, Wright alleges that KDG and Does 1 through 10 have violated 18 U.S.C. § 1030(a)(4) by knowingly, and with intent to defraud Wright, accessing a protected computer, without authorization or by exceeding authorized access to such a computer, and by means of such conduct furthered the intended fraud and obtained one or more things of value, including but not limited to Wright's business plans and personal non-business information.

20.     Wright is informed and believes, and thereon alleges, that he has suffered damages or loss as the result of Defendants' wrongful conduct as alleged herein in excess of $5,000.

## SECOND CLAIM FOR RELIEF

## For Violation of the Stored Communications Act

## (18 U.S.C. § 2701, et seq.)

## (By Plaintiff Wright

## Against All Defendants)

21.     Wright incorporates herein by this reference the allegations in paragraphs 1 through 20 above.

22.     Upon information and belief, Wright alleges that Defendants have violated § 2701 of the Stored Communications Act (28 U.S.C. § 2701) by accessing without authorization a facility through which an electronic communication service is provided and/or stored.

23.     As a direct and proximate result of Defendants' unlawful conduct within the meaning of the Stored Communications Act, Defendants have caused damage to Wright in an amount to be proven at trial.

24.     The aforementioned acts of Defendants were willful and malicious in that Defendants' acts described above were done with the deliberate intent to injure Wright in his lawful business pursuits and to improve Defendants' business.  Wright is therefore entitled to punitive damages.

25.     Wright is entitled to recover his reasonable attorneys' fees and litigation costs pursuant to 18 U.S.C. § 2702(c).

COMPLAINT

# THIRD CLAIM FOR RELIEF

## For Violation of the California Data Access and Fraud Act

## (Cal. Penal Code § 502)

## (By Plaintiff Wright

## Against All Defendants)

26.     Wright incorporates herein by this reference the allegations in paragraphs 1 through 25 above.

27.     Wright owns the data that comprises the confidential and proprietary information referenced above.

28.     Defendants violated California Penal Code § 502(c)(1) by knowingly accessing and without permission using data from Wright's computer and personal Gmail account to devise or execute a scheme to defraud or deceive, or to wrongfully obtain money, property, or data.

29.     Defendants violated California Penal Code § 502(c)(2) by knowingly and without permission accessing, taking, copying, and making use of programs, data, and files from Wright' s computer and personal Gmail account.

30.     Defendants have violated California Penal Code § 502(c)(6) by knowingly and without permission providing or assisting in providing a means of accessing Wright's computer and personal Gmail account.

31.     Defendants have violated California Penal Code § 502(c)(7) by

COMPLAINT

knowingly and without permission accessing, or causing to be accessed, Wright's computer and personal Gmail account.

32.     As a direct and proximate result of Defendants' unlawful conduct within the meaning of California Penal Code § 502, Defendants caused damage to Wright in an amount to be proven at trial.

33.     The aforementioned acts of Defendants were willful and malicious in that they were done with the deliberate intent to injure Wright in his business and to improve Defendants' business, and further to injure Wright personally.  Wright is therefore entitled to punitive damages in an amount to be proven at trial.

34.     Wright is also entitled to recover his reasonable attorneys' fees pursuant to California Penal Code § 502(e).

## FOURTH CLAIM FOR RELIEF

### For Defamation

### (By Both Plaintiffs Against all Defendants)

35.     Plaintiffs incorporate herein by this reference the allegations in paragraphs 1 through 34 above.

36.     KDG has told clients and prospective clients of PMCM that Wright and PMCM have engaged in wrongful conduct, were being sued by KDG for wrongful business conduct and that Wright and PMCM are under investigation for wrongful conduct. These statements were false and intended to, and did, scare off potential

customers from doing business with PMCM. For example, upon information and belief, KDG made such statements to a potential PMCM customer, OHL, which then decided not to award a lucrative contract to PMCM due to KDG's false and defamatory statements.

37.     These statements were slanderous per se because they tend to injure Wright and PMCM in their occupations and business by imputing to them a general disqualification in those respects that the occupation and business requires and lessens the income that Wright and PMCM could earn from their occupation and business.  These statements further state and suggest that Wright has committed one or more crimes in connection with his voluntary resignation from employment with KDG  and the exercise of his rights as a California citizen under California Business and Professions Code § 16600.

38.     As a proximate result of the above-described publications, Wright has suffered loss of reputation, shame, and emotional distress, all to his general damage in an amount to be proven at trial.

39.     The above-described publications by Defendants were willful and malicious in that they were done with the deliberate intent to injure Wright and PMCM in their business and to improve Defendants' business, and further to injure Wright personally.  Wright and PMCM are therefore entitled to punitive damages in an amount to be proven at trial.

COMPLAINT

## FIFTH CLAIM FOR RELIEF

## For Invasion of Privacy

## (By Plaintiff Wright Against all Defendants)

40.     Wright incorporates herein by this reference the allegations in paragraphs 1 through 39 above.

41.     On or about August, 2015, Defendants invaded Wright's right to privacy by accessing his personal Gmail account and reviewing confidential and proprietary information contained in stored e-mail without authorization. Defendants then publicly disclosed Wright's confidential and proprietary information relating to his contract with his new employer to third parties as alleged above.

42.     The information unlawfully obtained and disclosed by Defendants consisted of private information and facts that Wright desired to keep confidential.

43.     The private facts disclosed by Defendants were not newsworthy or of legitimate public concern.

44.     As a proximate result of the disclosures, Wright has suffered loss of reputation and standing in the business community, all of which caused him humiliation, embarrassment, mental anguish, and suffering, all to his general damage in an amount to be proven at trial.

45.     As a further proximate result of the disclosures, Wright has suffered injury to his business, in that he has lost existing or potential clients, all to his general

COMPLAINT

damage in an amount to be proven at trial.

46.     The aforementioned acts of Defendants were willful and malicious in that they were done with the deliberate intent to injure Wright in his business and to improve Defendants' business, and further to injure Wright personally. Wright is therefore entitled to punitive damages.

47.     Wright has also suffered irreparable injury from these acts, and due to the continuing threat of such injury, has no adequate remedy at law, entitling Wright to injunctive relief.

## SIXTH CLAIM FOR RELIEF

### For Interference with Prospective Economic Relations

### (By Both Plaintiffs

### Against All Defendants)

48.     Plaintiffs incorporate herein by this reference the allegations in paragraphs 1 through 47 above.

49.     Wright and PMCM have an expectancy in continuing and advantageous economic relationships with former and prospective clients.

50.     These relationships contain the probability of future economic benefit in the form of profitable agent-client services and commissions. Had Defendants refrained from engaging in the unlawful and wrongful conduct described in this complaint, there is a substantial probability that Wright's and PMCM's prospective

clients would have retained Plaintiffs rather than Defendants.

51.    Defendants were aware of these economic relationships and have sought to interfere with and disrupt them by unlawfully and wrongfully accessing Wright's personal Gmail account, taking and using Wright's confidential and proprietary information, disclosing such information to Wright's and PMCM's prospective clients, and making the defamatory statements to prospective clients alleged above. These acts were undertaken by Defendants to obtain for themselves business revenue at Wright's and PMCM's expense without competing fairly for the business.

52.    Defendants' conduct was wrongful by a measure beyond the fact of the interference itself.  Defendants gained unauthorized access to Wright's password-protected personal Gmail account through false and improper credentials, copied Wright's proprietary and confidential information, and used that information in an effort to retain Wright's and PMCM's prospective clients.

53.    Defendants further interfered with Wright's prospective economic relations by causing and compelling him to execute an employment agreement that contained an illegal covenant not to compete in violation of California Business and Professions Code § 16600. The mere inclusion of such an illegal covenant in an employment agreement with a California employee is a tortious act.  See, e.g., *Edwards v. Arthur Andersen, LLP*, 44 Cal. 4th 937 (2008).

54.    The conduct as alleged above constitutes violations of numerous state

and federal statutes and codes, including, but not limited to, violation of the Federal Computer Fraud and Abuse Act, 18 U.S.C. § 1030; wire fraud, 18 U.S.C. § 1343; violation of the Stored Communications Act, 18 U.S.C. §§ 2701-2711; unauthorized access to a computer, California Penal Code § 502; receipt of stolen property, California Penal Code § 496; and California Business and Professions Code § 16600. Defendants' conduct also constitutes trespass to chattels, conversion, unjust enrichment, and conspiracy.

55.    As a result of Defendants' unlawful conduct, the above-described relationships have been actually disrupted, causing certain current and prospective clients not to contract with Wright and PMCM for services.

56.    As a direct and proximate result of Defendants' unlawful conduct, Wright and PMCM have suffered economic harm, including, but not limited to, loss of consulting fees.  Defendants' unlawful conduct was a substantial factor in causing this harm.

57.    Defendants' interference with Wright's prospective economic advantage with his current and future clients, as described above, was willful, malicious, oppressive, and in conscious disregard of Wright's rights, and Wright and PMCM are therefore entitled to an award of punitive damages to punish Defendants for their wrongful conduct and deter future wrongful conduct.

## SEVENTH CLAIM FOR RELIEF

### For Unfair Business Acts and Practices

### (Cal. Bus. & Prof. Code §§ 17200 et seq.)

### (By Both Plaintiffs Against All Defendants)

58.   Plaintiffs incorporate herein by this reference the allegations in paragraphs 1 through 57 above.

59.   Defendants have engaged in unlawful business acts or practices by committing acts including computer fraud, trespass, conversion, interference with business relationship, and other illegal acts and practices as alleged above, all in an effort to gain unfair competitive advantage over Wright.

60.   These unlawful business acts or practices were committed pursuant to business activity related to providing athlete agent services.

61.   The acts and conduct of Defendants constitute fraudulent, unlawful, and unfair competition as defined by California Business and Professions Code §§ 17200, et seq.

62.   The conduct as alleged above constitutes violations of numerous state an federal statutes and codes, including, but not limited to, violation of the Federal Computer Fraud and Abuse Act, 18 U.S.C. § 1030; wire fraud, 18 U.S.C. § 1343; violation of the Stored Communications Act, 18 U.S.C. §§ 2701-2711; unauthorized access to a computer, California Penal Code § 502; receipt of stolen property,

California Penal Code § 496; and violation of California Business and Professions Code § 16600. Defendants' conduct also constitutes trespass to chattels, conversion, unjust enrichment, and conspiracy.

63.     Defendants have improperly and unlawfully taken commercial advantage of Wright's confidential and proprietary information.  In light of Defendants' conduct, it would be inequitable to allow Defendants to retain the benefits of the funds obtained through the unlawful acts and practices.

64.     Defendants' unfair business acts and practices have unjustly minimized Wright's and PMCM's competitive advantage and have caused, and continue to cause, Wright and PMCM to suffer losses of property and money.

65.     As a result of such unfair competition, Wright and PMCM have also suffered irreparable injury and, unless Defendants are enjoined from such unfair competition, will continue to suffer irreparable injury, whereby Wright has no adequate remedy at law.

66.     Defendants should be compelled to disgorge and/or restore any and all revenues, earnings, commissions, profits, compensation, and benefits they may have obtained, or may obtain, in violation of California Business and Professions Code §§ 17200 et seq., and should be enjoined from further unlawful, unfair, and deceptive business practices. Defendants should be further ordered to return all information and materials taken from Wright, and all copies of such, in their possession, custody, or

COMPLAINT

control.

## PRAYER FOR RELIEF

WHEREFORE, Wright and PMCM pray for a judgment against Defendants as follows:

A.      For general damages to be proven at trial;

B.      For punitive damages to be proven at trial for Defendants' willful and deliberate unauthorized computer access, defamation, invasion of privacy, and intentional interference with Plaintiffs' prospective economic advantage;

C.      For disgorgement of all money obtained by Defendants as a result of their unlawful conduct;

D.      For Plaintiffs' attorneys' fees;

E.      For prejudgment interest; and

F.      For such other and further relief as this Court may deem to be just and proper.

DATED: August 1, 2016

JAMES A. ODLUM
MUNDELL, ODLUM & HAWS, LLP


By: _____
James A. Odlum
Attorneys for Plaintiffs
Reginald Wright and
PMCM Consulting Engineers

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury.

DATED:  August 1, 2016

JAMES A. ODLUM
MUNDELL, ODLUM & HAWS, LLP


By:
       James A. Odlum
       Attorneys for Plaintiffs
       Reginald Wright and
       PMCM Consulting Engineers

COMPLAINT